**In the Interest of J.D., a minor.**

**No. ED 84561.**

Missouri Court of Appeals, Eastern District, Division Three.

June 21, 2005.

William E. Albrecht, St. Louis, MO, for appellant.

Elizabeth J.S. Redmond, St. Louis, MO, for respondent.

Before CLIFFORD H. AHRENS, P.J., GLENN A. NORTON, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

J.D., a juvenile, was found guilty of statutory sodomy in the first degree and sexual misconduct in the third degree on March 31, 2004. In the original petition J.D. was charged with having deviate sexual intercourse with R.B. in violation of Section 566.010.[1] The petition was amended to include deviate sexual intercourse with another minor child, L.K., also in violation of Section 566.010. After hearing the allegations, Family Court Commission-

---

**1.** All statutory references are to RSMo.2004 unless otherwise indicated.

er Terry W. Wiese made his findings and recommendations. He found that the allegation of deviate sexual intercourse with R.B. had been proven. The Commissioner found that the allegation of deviate sexual intercourse with L.K. had not been proven, but that J.D. had committed a misdemeanor offense of sexual misconduct in the third degree in violation of Section 566.095. These findings and recommendations were transferred to the Family Court Administrative Judge Thomas DePriest, Jr. who adopted the findings and recommendations and entered them as a judgment of the court. J.D. appeals.

As his sole point, J.D. contends that the trial court erred in finding that he had committed the offenses because there was no substantial evidence to support the judgment and it is against the weight of the evidence because of the extreme youthful age of both of the victims, the substantial delay before each victim reported the misconduct, the inconsistencies in their statements and the evidence of J.D.'s good moral character preclude a finding of guilt beyond a reasonable doubt. We find no error and affirm.

We have reviewed the briefs of the parties and the record on appeal and find the claims of error to be without merit. No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 30.25.